UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.

**LLOYD LEE BROCKINGTON**          CASE NO.8:07-CR-110-T-24MSS

**Defendant**
_____/

**ORDER**

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.  Defendant **Lloyd Lee Brockington** was sentenced prior to November 1, 2007 for the crimes of conspiracy to possess with intent to distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §§841(b)(1)(A) & 846.  Defendant Brockington was sentenced on November 27, 2007 to 120 months imprisonment.  He was sentenced as a career offender and to a minimum mandatory sentence.

On April 14, 2008, Defendant filed a Motion For Reduction of Sentence Pursuant

to §3582(c)(2) (Doc. 38). The Court entered an order appointing the office of the Federal Public Defender to represent Defendant Brockington for the purpose of seeking a reduction of Defendant's original sentence.  The Court also ordered the United States Probation Office to provide the Court, as well as Defendant's counsel, a supplemental response to the presentence report which addressed whether Lloyd Lee Brockington was eligible for a reduction in his sentence. The Probation Office filed the supplemental response to the presentence report stating that Defendant Brockington was ineligible for a sentence reduction because he was sentenced as a career offender and not by using a particular drug quantity guideline, and therefore, a reduction in the defendant's term of imprisonment was not authorized under 18 U.S.C. §3582(c) and not consistent with §1B1.10 U.S.S.G.  The United States Attorney filed a response stating that Amendment 706 does not apply to Defendant Brockington's sentence because he was sentenced as a career offender and not based on a sentencing guideline range that was subsequently lowered by the Sentencing Commission (Doc 42).  The Federal Public Defender filed a response; however Brockington asked the Court to strike the response and stated he did not wish to be represented by the Federal Public Defender. (Doc. 44).  Accordingly the Court will not consider the response.

      Having considered all of the above, the Court finds that Amendment 706 does not affect the Defendant's sentence, and he is not entitled to a sentence reduction or to be resentenced. Defendant Brockington was sentenced as a career offender, and under the guidelines his total offense level became a 34, criminal history category VI, with a guideline range of 262-327 months.  The Court imposed a sentence which included a

variance downward, and Defendant Brockington was sentenced to 120 months (the minimum mandatory) imprisonment on November 27, 2007. (Doc.37). Eligibility for consideration under 18 U.S.C. §3582(c) is triggered only by an amendment listed in U.S.S.G §1B1.10(c) that lowers the guideline range.  Because Brockington was sentenced as a career offender under U.S.S.G. 4B1.1, the career offender provision, Amendment 706 does not have the effect of lowering the Defendant's applicable guideline range. In fact, had the Defendant been sentenced after the effective date of the amendment to the crack cocaine guideline, the amendment would have had no effect on his sentence and this Court would have imposed the same sentence.  Because the Defendant's offense level was controlled by U.S.S.G. Section 4B1.1 and not by the underlying offense level, a reduction does not apply and will be **DENIED**. see United States v. Hankerson, 224 Fed.Appx. 900 (11th Cir. 2007), United States v. Thomas, 524 F.3d 889 (8th Cir. 2008). In addition, the Court imposed the minimum mandatory sentence and amendments, to the guidelines reducing the base offense level derived from the amount of cocaine base do not apply. United States F. Johnson, 517 F.3d 1020 (8th Cir. 2008).

   It is so ORDERED this 3rd day of July, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copy: Lloyd Lee Brockington
      Tracy Dreispul, A.FP.D
      W.Stephen Muldrow, A.U.S.A.