UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LLOYD LEE BROCKINGTON,

    Petitioner,

v.

                                        Case No.: 8:07-cr-110-T-24-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court upon Petitioner Lloyd Lee Brockington's petition, entitled "Writ of Habeas Corpus: Petetion [sic] to Vacate Sentence and Judgment of Conviction for Lack of Subject Matter Jurisdiction, and Territorial Jurisdiction pursuant to Article I, § 9 Cl, 2 of the U.S. Constitution and Rule 34 and 12(b)(3)(B)," which the Court construes as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CR Doc. No. 59.) Because review of the petition and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.    Background**

On August 28, 2007, Petitioner pled guilty pursuant to a written plea agreement to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner was sentenced on November 27, 2007 to 120 months imprisonment,

followed by a 60-month term of supervised release.  The Court imposed the mandatory minimum sentence of 120 months imprisonment.  Petitioner did not file a direct appeal.

On October 30, 2008, Petitioner filed a § 2255 motion, claiming ineffective assistance of counsel, and that the Court erred in denying his request for copies of transcripts of his guilty plea and sentencing hearings.  (CR Doc. Nos 51, 52. , CV Doc. No. 1.)  The Court denied that motion after a hearing on June 16, 2009. (CR Doc. Nos. 57, 58, CV Doc. No. 22, 23.)

On December 10, 2009, Petitioner filed the instant petition, which the Court construes as a successive § 2255 motion.  (CR Doc. No. 59.)

**II.     Discussion**

Petitioner asserts several grounds in support of his contention that he is entitled to relief under § 2255.  However, because his petition is untimely and a successive filing, the petition is denied.

    **A.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-

(4)).Petitioner did not appeal his conviction. His conviction became final when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6). Therefore, Petitioner's conviction became final on December 12, 2007.

Petitioner had one year from December 12, 2007 in which to file his § 2255 motion, or December 12, 2008. Petitioner, however, did not file his motion until December 5th, 2009. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner has not met this burden. As a result, his § 2255 motion is untimely and must be denied.

Alternatively, if the Court construes this petition as a motion in arrest of judgment filed under Federal Rule of Criminal Procedure 34, it must also be denied as untimely. Such a motion must be filed "within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." Fed. R. Crim. P. 34(b). Petitioner filed this motion on December 5, 2009, more than two years after he entered his guilty plea, and he did not request an extension of time to file. Accordingly, the motion is untimely, and must be denied.

3

Finally, Petitioner contends that the Court lacked subject matter jurisdiction, and therefore, the petition may be liberally construed as a Rule 12(b)(3)(B) motion alleging a defect in the indictment. Generally, motions alleging a defect in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(B). Petitioner has not demonstrated good cause to justify his delay in filing his motion challenging the Court's subject matter jurisdiction. Accordingly, the motion is denied as untimely.

### B. Successive Filing

Additionally, this petition must be denied as it is an improper successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit before being filed in this Court. No such certification was obtained in this case.

## III. Conclusion

Accordingly, Petitioner's motion to vacate sentence is DENIED.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues

4

presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of January, 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner